OWEN v. RETSOF MINING CO.

(Supreme Court, Appellate Division, Fourth Department.   May 1, 1907.)

1. MASTER AND SERVANT—NEGLIGENCE—QUESTION FOR JURY.
    Whether, in an action for the death of an employé while descending into a mine, because of the breaking of the cable attached to the bucket in which he was being lowered, the employer was negligent in furnishing a defective cable, *held*, under the facts, for the jury.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1011.]

2. SAME—CONTRIBUTORY NEGLIGENCE.
    Where, in an action for the death of an employé while being lowered into a mine, because of the breaking of the cable attached to the bucket in which he was being lowered, a recovery could only be had on proof that the cable was defective, and that it broke by reason thereof, the employé was not guilty of contributory negligence in failing to signal on the billy becoming caught in the shaft and subsequently dropping and tearing the cable apart.
    Spring, J., dissenting.

Appeal from Trial Term, Livingston County.

Action by Addie Owen, administrator of Convus Owen, deceased, against the Retsof Mining Company. From an order denying a motion for new trial after a verdict of the jury in favor of plaintiff, defendant appeals.   Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Putney, Twombly & Putney and Maulsby Kimball, for appellant.
Harlan W. Rippey, for respondent.

WILLIAMS, J.   The order should be affirmed, with. costs.

The action was brought to recover damages for personal injuries, causing death, alleged to have resulted from the defendant's negligence.   The action was tried originally in January, 1904, and resulted in a verdict for the plaintiff.   Upon appeal to this court, the judgment was reversed, and a new trial granted, upon the ground that the verdict was contrary to the evidence.   102 App. Div. 130, 92 N. Y. Supp. 270. The case was again tried in January, 1906, and again resulted in a verdict for the plaintiff.   This appeal is taken to review the second trial.

The deceased was an employé of the defendant, and on January 30, 1903, was descending shaft No. 2 leading into defendant's mine, when the cable attached to the bucket in which he was being lowered broke. The bucket dropped to the bottom of the shaft, and deceased was killed.   The principal question tried was:   What caused the cable to break?   Was it defect in the cable for which the defendant was sought to be made liable, or was it by reason of the billy having become caught in the shaft and subsequently dropping and tearing the cable apart, for which the defendant could not be held liable?   The billy was a heavy construction above the bucket that ran down the shaft upon guides fastened on opposite sides thereof, and the latter question is whether this billy was detained on its way down for a little

time from some cause, and then, becoming released, dropped upon the rubber buffer just above the car and thus broke the cable, which, if free from defects, could not resist the power thrown upon it, and thus permitted the fall of the bucket. The law of the case as held by this court upon the first appeal, and as the jury were instructed upon the last trial, was that the plaintiff, in order to charge the defendant with negligence causing the death, must prove to the satisfaction of the jury, not only that the cable broke, but that it was the result of defects in the cable itself, causing it to separate, and not the result of a blow from the billy upon a reasonably sound cable. Upon the former appeal, the court held that the plaintiff had failed on the first trial to meet this issue, and that the verdict in her favor was therefore contrary to the evidence. We are to consider now whether upon the second trial the evidence was sufficient to take the case to the jury, and whether this last verdict was contrary to the evidence given on this trial. A reference to the opinion of this court on the former appeal indicates that it was there concluded that the plaintiff had not met the burden of proving that the cable was defective. We cannot say what the evidence on the first trial upon this issue was, because that record is not before us, and this record does not show what the evidence there was. It is claimed by plaintiff, and conceded by defendant, that more or less new evidence upon this issue was given on the second trial, and counsel here discuss this new evidence and its value, the credibility of the witnesses, and the contradiction thereof by other evidence and witnesses. The justice on this trial regarded the whole evidence here as sufficient to take the question to the jury, and submitted it to them very fully and fairly, referring to and discussing such evidence. If we are to judge of what the evidence given on the first trial was by the statement thereof made in the opinion on the former appeal, and which evidence was there held to be insufficient, we must certainly conclude that an entirely different case was made as to this issue on this trial. We conclude that there was evidence upon this trial authorizing the jury to find the cable defective, and that such finding was not so far contrary to the evidence as to warrant a reversal of this order upon that ground. We have examined and considered such evidence. It would not be possible, within the limits of an ordinary opinion, to discuss the same in detail.

The court held upon the former appeal, and the jury was substantially charged on this trial, that, in order to charge the defendant with negligence causing the death, the plaintiff must show that the accident happened in the manner claimed by her, and, if the evidence indicated with greater or equal probative force that it was caused by the dropping of the billy, the plaintiff could not recover, and this court concluded that the plaintiff failed in the first trial to meet this issue, and that the finding of the jury in this regard was contrary to the evidence. Practically the same suggestion may be made as to this question that we have made as to the defective cable. If we are to judge of what the evidence there was on this subject by the statement in the opinion, we must say an entirely different case was presented on this trial. Some evidence there given by the plaintiff must have been omitted, or, if given at all, was presented by the defendant rather

than the plaintiff.   Much new evidence was given, very likely, upon both sides, and the trial justice, with the opinion on the former appeal before him, regarded the evidence here as sufficient to take this question to the jury.   He charged the jury fully and fairly on the question referred to, and discussed the evidence, and, after the verdict had been rendered, refused, by the order appealed from, to set the verdict aside. After reviewing the evidence ourselves and considering the argument of counsel, we conclude, without discussing the evidence in detail, that this question was fairly one for the determination of the jury, and that we ought not to set the verdict aside on the ground that their finding was contrary to the evidence.   We do not quite see how any question of contributory negligence arose in the case.   It is suggested that the deceased should have signaled to the engineer when the billy stuck in the downward passage; but, if the fall of the billy caused the accident, the defendant could not be charged with negligence, and the jury would not reach the question of contributory negligence at all. The defendant's negligence could only be predicated upon a defective cable parting by reason of such defects and the absence of any blow by the billy.   If such was the conclusion, we are unable to see how the deceased could be guilty of any contributory negligence.

There seems to be no exception calling for a reversal of the order, and we think no other question need be considered here.   The case has been twice tried with the same result—one favorable to the plaintiff.

We think there should be an affirmance of the order.

Order affirmed, with costs.   All concur, except SPRING, J., who dissents.